PARIENTE, J.,
concurring in result.
I concur in denying postconviction relief, but write to emphasize the importance of counsel conscientiously investigating all avenues of mitigation, even in light of a difficult defendant. The defendant claimed that his waiver of mitigation was neither knowing nor voluntary; I agree that postconviction relief on this issue was properly denied. However, I disagree with the majority’s reasoning that Kraw-czuk failed to establish prejudice based on his refusal to allow counsel to contact his family. See majority op. at 205. Rather, when a defendant waives mitigation, the finding of prejudice must be centered on whether the waiver of mitigation is knowing and voluntary. See, e.g., Deaton v. Dugger, 635 So.2d 4, 8 (Fla.1993).
*210 In this case, the trial court in fact found that defense counsel’s investigation was deficient because the record did “not support the unequivocal direction to not investigate ... required by the law as it existed at the time in question.” Ultimately, however, the trial court found that even if Krawczuk had been more fully advised about the potential mitigation evidence, he failed to show that “he would have authorized trial counsel to present such evidence at either the penalty phase trial or at the Spencer hearing.”
It is undeniably a challenge for defense counsel, faced with a client who states that he does not want to pursue mitigation or have the lawyer contact his family, to nevertheless comply with the duties that have been imposed by case law. However, because we are dealing literally with a life or death matter and a client who may not have yet faced the reality that the death penalty may be imposed, counsel’s very-weighty obligations do not end with the fact that the client expresses the desire to not present mitigation or contact family members. As was explained in Grim v. State, 971 So.2d 85, 100 (Fla.2007), despite the client’s wishes, the lawyer appropriately “recognized he still had a duty to develop mitigation.” Therefore, the lawyer in Grim did not “latch onto Grim’s desire not to present mitigation, but instead, repeatedly tried to dissuade him.” Id. Further, the lawyer uncovered a substantial amount of mitigation, obtained a mental health expert, and contacted several mitigation witnesses. For all of these reasons, we upheld the trial court’s conclusion that that trial counsel conducted a reasonable investigation in light of Grim’s decision to waive mitigation and determined that trial counsel’s actions were not deficient and that Grim could not establish prejudice. Id. at 100-01; see also Waterhouse v. State, 792 So.2d 1176, 1183-84 (Fla.2001) (rejecting an ineffective assistance of counsel claim where the defendant refused to permit his attorney to present mitigating evidence and refused to meet with the mental health expert in light of the fact that his attorney had already investigated potential mitigation).
In addition, in Grim, despite the waiver of mitigation, the trial court ordered a presentence investigation report and appointed special counsel to investigate and present available mitigation. Grim, 971 So.2d at 90. In other words, not only did counsel act properly, but the court also proceeded diligently by taking the extra step of appointing special counsel. See, e.g., Muhammad v. State, 782 So.2d 343, 363-64 (Fla.2001) (approving the procedure that allows trial courts to call witnesses on their own to determine whether mitigating circumstances apply and granting trial courts the discretion to appoint special counsel to assist in discovering mitigation). These extra steps assist this Court in ensuring that a death sentence for a defendant who insists on waiving mitigation does not lead to the death penalty being arbitrarily imposed on any particular defendant. See Muhammad, 782 So.2d at 368-69 (Pariente, J., concurring specially); Russ v. State, 73 So.3d 178, 200-02 (Fla.2011) (Pariente, J., concurring).
At the evidentiary hearing in this case, Krawczuk presented testimony from his brother and stepfather that related to extensive abuse he had endured at the hands of his mother. However, at the time of the waiver, counsel had the report of Dr. Keown that indicated the abuse had occurred and that report had been furnished to Krawczuk. In addition, trial counsel had obtained military records and a psychiatrist’s report, both of which had been given to Dr. Keown. Given the facts de *211 veloped at the evidentiary hearing and the findings of the postconviction court, I do not find a basis for concluding that the waiver of mitigation was not knowing or voluntary and therefore agree that Kraw-czuk cannot establish prejudice.
Thus, I concur in the affirmance of the denial of postconviction relief.